IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABEL RUIZ, #M07780, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 3:22-cv-01382-SMY |
| JOHN DOE, *Placement Officer*,<br>C/O FENTON,<br>C/O MOORE, and<br>WARDEN OF MENARD<br>CORRECTIONAL CENTER<br>(*official capacity only*), | )<br>)<br>)<br>)<br>)<br>) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Abel Ruiz, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Gallery Officer Moore moved Plaintiff into a cell with another inmate in the North 2 cellhouse at Menard on April 5, 2020. Plaintiff told him that the court held in *Turley v. Lashbrook* that the cells in North 2 are too small to house two inmates and refused to go into the cell. Moore told Plaintiff that if he refused, a tact team would mace him and take his property including his legal materials and hygiene

products. Plaintiff was therefore forced to be house with another inmate until October 30, 2020 when his cellmate was released from segregation.

Gallery Officer Fenton moved Plaintiff into a cell with another inmate in the North 2 cellhouse in early November 2020. Again, Plaintiff objected that the cell was too small for two inmates. Fenton also told Plaintiff that if he refused, a tact team would mace him and take his property including his legal materials and hygiene products. Plaintiff was therefore forced to be house with another inmate until November 29, 2020 when his cellmate was released from segregation.

Fenton again moved Plaintiff into a cell with another inmate in the North 2 cellhouse in early January 2021. Again, Plaintiff tried to refuse because of the small cell size and Fenton threatened him with mace and loss of property. Plaintiff was therefore forced to be house with another inmate until March 12, 2021 when he was released from segregation.

John Doe Menard Placement Officer was in charge of housing in the North 2 cellhouse and assigned Plaintiff to be celled with another inmate in 2020 and 2021. The placement officer's directives were carried out by Moore and Fenton. Plaintiff was forced to live under unconstitutional conditions of confinement with other inmates in small cells during the COVID-19 pandemic placing his health at risk. Further, the cell was too small for two inmates and he was denied proper walking space and the ability to stretch or exercise. As a result, he developed severe pain in his knees.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Moore for subjecting Plaintiff to unconstitutional conditions of confinement at Menard by placing him in a small cell with another inmate during the COVID-19 pandemic and with limited ability to walk, stretch, or exercise on April 5, 2020. |
| Count 2: | Eighth Amendment claim against Moore for threatening Plaintiff with mace and deprivation of all property on April 5, 2020 |
| Count 3: | Eighth Amendment claim against Fenton for subjecting Plaintiff to unconstitutional conditions of confinement at Menard by placing him in a small cell with another inmate during the COVID-19 pandemic and with limited ability to walk, stretch, or exercise in November 2020. |
| Count 4: | Eighth Amendment claim against Fenton for threatening Plaintiff with mace and deprivation of all property in November 2020. |
| Count 5: | Eighth Amendment claim against Fenton for subjecting Plaintiff to unconstitutional conditions of confinement at Menard by placing him in a small cell with another inmate during the COVID-19 pandemic and with limited ability to walk, stretch, or exercise in January 2021. |
| Count 6: | Eighth Amendment claim against Fenton for threatening Plaintiff with mace and deprivation of all property in January 2021. |
| Count 7: | Eighth Amendment claim against John Doe Placement Officer for subjecting Plaintiff to unconstitutional conditions of confinement at Menard by placing him in a small cell with another inmate during the COVID-19 pandemic and with limited ability to walk, stretch, or exercise. |

## Discussion

### Counts 1, 3, 5, and 7

The allegations in the Complaint are sufficient for Count 1 to proceed against Moore, Counts 3 and 5 to proceed against Fenton, and Count 7 to proceed against John Doe Placement Officer.

### Counts 2, 4, and 6

Allegations of verbal abuse and threats are generally insufficient grounds for relief

under § 1983. *See, DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Verbal statements that inflict psychological pain may constitute cruel and unusual punishment, but only in extreme circumstances. *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). Plaintiff does not describe psychological pain or the type of verbal harassment or threats sufficient to constitute cruel and unusual punishment. Therefore, Counts 2, 4, and 6 will be dismissed for failure to state a claim.

### Identification of Doe Defendant

The Warden of Menard Correctional Center, in his/her official capacity, will be added as a defendant for purposes of responding to discovery aimed at identifying the unknown defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the name of the Doe defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

Following preliminary review under § 1915A the following claims will proceed: Count 1 against Moore; Counts 3 and 5 against Fenton; and Count 7 against John Doe Placement Officer. Counts 2, 4, and 6 are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to add the Warden of Menard Correctional Center, in his/her official capacity, as a defendant for purposes of responding to discovery aimed at identifying the Doe defendant.

The Clerk of Court shall prepare for Moore, Fenton, the Warden of Menard Correctional Center (official capacity only), and once identified, John Doe Placement Officer.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **John Doe** until such time as Plaintiff has identified him by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.  As the Warden of Menard Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 7, 2022**

*s/ Staci M. Yandle*
STACI M. YANDLE
U.S.  District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**